

**SO ORDERED,**

*/s/ Katharine M. Samson*

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: July 30, 2025**

The Order of the Court is set forth below. The docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

In re:  Maggie Elizabeth Evans                                             CHAPTER 13
      Debtor                                                                  CASE NO. 24-51069-KMS

### AGREED ORDER ON
### MOTION FOR RELIEF FROM AUTOMATIC STAY [Dkt. #33]

**CAME BEFORE THIS COURT** on Motion of Cadence Bank f/k/a BancorpSouth Bank ("Movant") for relief from the automatic stay against Debtor under 11 U.S.C. § 362, for abandonment pursuant to 11 U.S.C. § 554(b), and for other relief, and the Court, based upon the agreement of the parties, does hereby find that the parties agree as follows:

1. Movant holds a valid claim against Debtor which is secured by certain real property located at 35 Pine Hills Dr., Ovett, MS 39464, Mississippi ("Property").

2. That good and sufficient cause exists to modify the automatic stay of 11 U.S.C. § 362. Debtor has failed to timely provide payments pursuant to the Chapter 13 Plan.

3. This Order shall be binding upon Debtor and Debtor's successors and assigns.

4. Movant, Debtor and Trustee agree that good cause exists herein for the 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(3) to be waived and that this Order should be effective immediately upon entry.

**IT IS THEREFORE ORDERED AND ADJUDGED**:

A. That Debtor is in post-petition default for the months of April 2025 through July 2025 plus August in the total sum of $3,075.00, less suspense amount of $15.00 plus attorneys' fees and costs of $1,049.00 for a total amount of post-petition arrears of $4,109.00.

  B. That the post-petition arrearage of $4,109.00 shall be incorporated into the Chapter 13 Plan, and Debtor's wage order, shall be increased, if necessary, to cover the additional arrears, and any other figures requiring adjustment as a result of this amendment shall be adjusted accordingly.

  C. That the Chapter 13 Plan shall be modified to allow the ongoing monthly post-petition mortgages payments to be paid through the Chapter 13 Plan to Movant beginning with the September 2025 payment as directed by the previously filed Proof of Claim, the loan documentation or any subsequent amendment(s) thereto.

  D. That should Debtor subsequently become sixty (60) days delinquent in payment, and upon ten (10) days written notice to Debtor and Debtor's attorney of such delinquency fails to cure such delinquency, the automatic stay of 11 U.S.C. § 362 of the Bankruptcy Code shall immediately lift, be vacated and annulled without further Order of this Court and the Property shall be abandoned to Movant pursuant to 11 U.S.C. § 554(b) of the Bankruptcy Code. Should Debtor remain current in scheduled plan payments for a consecutive twenty-four (24) month period after the date of this Agreed Order, the strict compliance provision above shall be unenforceable.

  E. That Movant is awarded attorney's fees in the amount of $850.00 and court costs of $199.00.

  F. That the provisions of Bankruptcy Rule 4001(a)(3) are waived, and the Order shall be in full force and effect upon signature of this Court, and that entry of this order shall constitute entry of final judgment pursuant to Bankruptcy Rule 9021 and Rule 58 of the Federal Rules of Civil Procedure.

  G. That upon any order converting this bankruptcy case to Chapter 7, the automatic stay of 11 U.S.C. § 362 of the Bankruptcy Code shall immediately lift and be vacated without

further Order of this Court, and the Property shall be abandoned from the estate pursuant to 11 U.S.C. § 554(b) of the Bankruptcy Code.

      H.      That upon entry of this Order, Movant shall not be required to file and/or serve a notice of payment change and/or notice of post-petition fees, expenses and charges as required by FRBP 3002.1(b) and FRBP 3002.1(c) for fees, expenses, charges awarded under this order or for notice of the current ongoing mortgage payment.

      I.      That Movant shall be permitted to communicate with Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law.

## ##END OF ORDER##

Agreed and Approved by:

/s/ Charles Frank Fair Barbour
Charles Frank Fair Barbour
Attorney for Movant

/s/ Thomas Carl Rollins, Jr. (w/permission CB)
Thomas Carl Rollins, Jr.
Attorney for Debtor

   /s/Samuel J. Duncan, Atty for
David Rawlings
Bankruptcy Trustee

...

<u>Submitted by:</u>
**Charles Frank Fair Barbour, MSB # 99520**
UNDERWOOD LAW FIRM, PLLC
221 Sunnybrook Road, Suite B (Ridgeland, MS 39157)
Post Office Box 1874
Madison, Mississippi  39130
Tel: (601) 981-7773
Fax: (601) 362-5673
cbarbour@underwoodlawfirm.com

Exhibit "A"

A parcel of land lying in the SE l/4 of the SE l/4 of Section 1, Township 7 North, Range 11 West, First Judicial District, Jones County, Mississippi, described as follows:

Commencing at a concrete marker (set by the Forest Service) at the SE/C of Section 1, Township 7 North, Range 11 West, First Judicial District, Jones County, Mississippi and run North 796.33 feet, thence West 426.59 feet for the Point of Beginning. Thence S 89°32'58" W 166.46 feet along a fence to the East R.O.W. of Pine Hill Drive, thence N 17°05'27" W along said R.O.W. 307.06 feet to a found I.P, thence leaving said R.O.W., run S 89°01'22" E 256.92 feet along a net wire fence on the North side of the road, thence South 287.81 feet back to the Point of Beginning.  Containing 1.41 acres.